IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-119-BO

| | |
|---|---|
| DANTE ANTONIA MURPHY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROB ZAPPLE (Individual and Official ) | |
| Capacity), JULIA OLSON-BOSEMAN ) | |
| (Individual and Official Capacity), and ) | |
| NEW HANOVER COUNTY, ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

In his amended complaint [DE 26], plaintiff, who proceeds in this action *pro se*, alleges as follows. Plaintiff, a Black male, was hired by defendant[1] on or about July 15, 2016. Plaintiff had previously worked for the Cleveland County Department of Social Services for approximately 10 years. Plaintiff filed an Equal Employment Opportunity Commission (EEOC)

---

[1] Plaintiff's allegations refer at times to "defendant" without specifying the party defendant. For the purposes of the factual recitation, the Court uses plaintiff's designation of "defendant" as used in the amended complaint.

complaint and related lawsuit against New Hanover County.[2] In the instant amended complaint, plaintiff alleges that New Hanover County is an employer as defined by Title VII.

Plaintiff has applied for a number of jobs since resigning from his position with New Hanover County and defendants have consistently refused to hire him. Plaintiff alleges that County Commissioner Rob Zapple "sought to encourage citizens to disassociate with Plaintiff because he had a pending lawsuit against New Hanover County." [DE 26 at 2]. Plaintiff contends that he has attempted to engage in business ventures with Clyde Edgerton, a white male university professor and writer, which defendants attempted to discourage. Plaintiff further alleges that the conduct of defendant's employees and county leadership, while plaintiff was employed by New Hanover County and afterward, have created a racially hostile environment for plaintiff following his prior suit against the County. Plaintiff contends that defendants' conduct was intended to cause him harm and deprive him of the ability to earn competitive wages in his field of expertise.

Plaintiff expressly alleges claims for racial discrimination and retaliation. Plaintiff contends that as a direct and proximate result of defendant's conduct he was harassed, subjected to community hostility, and denied employment with New Hanover County. Plaintiff further asserts a claim seeking punitive damages. As relief plaintiff seeks an order directing defendant to cease discrimination and retaliation against plaintiff and to rehire plaintiff with backpay and benefits, and further to recover judgment against defendants in an amount in excess of $25,000.00.

---

[2] That lawsuit, No. 7:17-CV-229-FL, was pending at the time plaintiff's amended complaint but summary judgment has since been entered in favor of New Hanover County. *Id.* (E.D.N.C. Mar. 30, 2021). Plaintiff has noticed an appeal of this Court's order and judgment.

2

## DISCUSSION

Defendants have moved to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants contend that the Court lacks subject matter jurisdiction over any claims arising from Title VII of the Civil Rights Act of 1964, as amended, that plaintiff has failed to state a claim upon which relief may be granted, and that plaintiff's claims are otherwise barred by the doctrine of res judicata.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences,

3

unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

A. *Subject matter jurisdiction*

Although not specifically delineated in plaintiff's amended complaint, plaintiff appears to bring claims for race discrimination, hostile work environment, and retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §§ 2000e, *et seq*. A plaintiff may proceed to file an employment discrimination action under Title VII in federal court only after a charge has been filed with the EEOC. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005); 42 U.S.C. § 2000e-5(f)(1). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Evans v. Techs. Application & Svc. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Claims which have not been exhausted fall outside of the scope of the EEOC charge and are procedurally barred. *Chacko*, 429 F.3d at 509. Failure to exhaust administrative remedies by filing an EEOC charge serves to deprive the federal courts of subject matter jurisdiction over such claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (2009).

Plaintiff's amended complaint is devoid of any allegation that he has filed an EEOC charge which would encompass the scope of the claims made in his amended complaint. Although plaintiff has referenced an EEOC complaint, that complaint apparently formed the basis of his prior lawsuit. [DE 26 at 2 ¶ 6]. Plaintiff has failed to address the absence of an EEOC charge in his response to the instant motion, and he has not requested an opportunity to amend

4

his complaint to cure this deficiency. Accordingly, the Court determines that plaintiff has failed to satisfy his burden to demonstrate that the Court has subject matter jurisdiction over his Title VII claims.

B.  *Failure to state a claim*

Plaintiff also alleges he has attempted to engage in other business ventures and applied for other positions in New Hanover County, but that as a result of defendants' conduct plaintiff was harassed, subjected to community hostility, and denied employment. Construing plaintiff's complaint liberally, to the extent plaintiff has attempted to allege violation of a Fourteenth Amendment liberty interest by defendants based upon their actions impacting his ability to gain other employment following his termination, his bare assertions fail to state a claim. *See Cannon v. Vill. of Bald Head Island, N. Carolina*, 891 F.3d 489, 501 (4th Cir. 2018) ("Public employees, even when lawfully discharged, enjoy the 'freedom to take advantage of other employment opportunities.'" (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573 (1972)). "To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007).

Plaintiff's bare allegations fall well-short of satisfying this standard. Plaintiff makes reference to defendants seeking to discourage plaintiff's business ventures, engaging in conduct which was intended to cause plaintiff harm and deprive him of the ability to earn a living in his chosen field of occupation, and that defendants created a hostile community environment against plaintiff based upon his race. But plaintiff fails to identify with any specificity any charge against him made by any of the defendants, fails to adequately allege how any charges placed a stigma

5

on plaintiff's reputation, fails to make more than conclusory allegations that any statements were made in conjunction with plaintiff's termination, and, importantly, fails to allege that any of the charges made against plaintiff were false.

Additionally, plaintiff's amended complaint in this action is devoid of any mention of defendant Olson-Boseman. In his opposition to the motion to dismiss, plaintiff recites "unexplained and bizarre actions by [defendant] Commissioner Julia Boseman." [DE 32]. Plaintiff describes a Facebook post he was made aware of on June 17, 2020, wherein Olson-Boseman is pictured at the New Hanover County Courthouse. Depicted in the photo is plaintiff's small claims lawsuit filed against Olson-Boseman and defendant Zapple and a comment "This is ridiculous!! Don't even know this guy." To the extent plaintiff's opposition to the motion to dismiss could be construed as a request to amend his complaint, such request is denied as futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986). As plaintiff's description indicates, the Facebook post allegedly concerns a small claims suit filed by plaintiff, not his employment at New Hanover County or his attempt to gain employment elsewhere.

Finally, plaintiff's claim for punitive damages is properly dismissed as his substantive claims have been dismissed. *Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013) ("A punitive damages claim is not technically an independent cause of action, but is instead dependent upon an award of compensatory damages on one of a plaintiff's other claims.").

In sum, plaintiff's Title VII claims are dismissed for lack of subject matter jurisdiction as plaintiff has not established that he filed an EEOC charge the scope of which would encompass the discrimination, hostile work environment, and retaliation claims alleged herein. To the extent that plaintiff has attempted to allege a claim arising from his Fourteenth Amendment liberty interest, he has failed to allege sufficient facts to make out a facially plausible claim. To the

extent plaintiff seeks to amend his complaint, such amendment would be futile and his request is denied. As none of plaintiff's substantive claims will proceed, his claim for punitive damages is also dismissed.[3]

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 28] is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this 28 day of June, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court has determined that plaintiff's claims should be dismissed on other grounds, it does not reach defendants' res judicata argument.

7